IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT LEVRET HOPE,

    Petitioner,                      No. CIV S-05-0721 FCD DAD P

    vs.

T. FELKER,                              AMENDED FINDINGS

    Respondent.                   AND RECOMMENDATIONS

_____/

        Petitioner has filed a petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2254.[1] Petitioner claims that he was subject to treatment in violation of the terms of a settlement reached in a class action lawsuit, <u>Valdivia v. Schwarzenegger</u>, CIV S-94-0671 LKK GGH. In this regard, petitioner alleges that under the terms of the <u>Valdivia</u> settlement a parolee who is the subject of a parole hold is entitled to a final revocation hearing or dismissal of the parole violation charges within thirty-five days. Petitioner alleges that he was improperly held on a parole hold for forty-two days before being released.

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. <u>See</u> Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears

---

[1] Petitioner has failed to file an application requesting leave to proceed in forma pauperis or the required filing fee ($5.00).

1

1 from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the
2 judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254
3 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits
4 when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
5 (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). The court finds that this
6 petition should be summarily dismissed.

7 A habeas action is proper only when a prisoner challenges the fact or duration of
8 his custody and a determination of his action may result in plaintiff's entitlement to an earlier
9 release. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Here, petitioner does not seek release
10 from custody since his parole violation was dismissed and he was released from custody.
11 petitioner is no longer in custody. Moreover, before a state prisoner may file a federal petition
12 for a writ of habeas corpus, the prisoner must exhaust state court remedies by presenting all
13 federal claims to the highest state court. See Picard v. Connor, 404 U.S. 270, 276 (1971);
14 Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). It does not appear that plaintiff has
15 presented a due process claim to the California Supreme Court.

16 Plaintiff is further advised that it would be futile to exhaust state court remedies
17 on a due process claim based on the alleged Valdivia violation. The terms of the stipulated
18 permanent injunction in Valdivia v. Schwarzenegger, case No. CIV S-94-0671 LKK GGH P
19 (E.D. Cal. 1994), do not provide for relief after a probable cause hearing has been held,
20 regardless of how late the hearing was conducted.[2] Since petitioner has been released, he has no
21 remedy under the terms of the Valdivia settlement.
22 /////
23 /////
24

---

25 [2] To the extent that plaintiff seeks information regarding the Valdivia settlement, he may
26 contact Karen Kennard, at Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California 94111.

2

Accordingly, IT IS HEREBY RECOMMENDED that this habeas action be summarily dismissed.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these amended findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Amended Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991)

DATED: April 5, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hope721.amd